IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY B. NAB, | No. CIV.S-06-2191 GEB DAD PS |
|     Plaintiff, | |
|   v. | ORDER |
| CONTRACTORS STATE LICENSE BOARD, | |
|     Defendant. | |
| _____/ | |

        Plaintiff, proceeding in this action pro se, initiated this action by filing a document styled "petition for writ of habeas corpus" on October 3, 2006.  This proceeding was referred to this court by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff alleges in his pleading that defendant Contractors State License Board revoked his building contractor's license in violation of his due process rights.  Plaintiff seeks reinstatement of his license and the return of all fines paid.

        In his pleading, plaintiff lays out his position that habeas corpus lies to address his claim because, in sum, he "has a

1

Protected Liberty Interest in his right to hold a specific private employment and to follow a chosen profession ...." (Pet. at 10.) Plaintiff's position lacks merit. The undersigned recognizes, as plaintiff maintains at some length, that actual physical custody is not required in every habeas action. Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 300-01 (1984). "In general," however, "courts hold that the imposition of a fine or the revocation of a license is merely a collateral consequence of conviction, and does not meet the 'in custody' requirement" of a habeas action. Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998)(listing cases).[1] "The precedents that have found a restraint on liberty rely heavily on the notion of a physical sense of liberty -- that is, whether the legal disability in question somehow limits the putative habeas petitioner's movement." Williamson, 151 F.3d at 1183. Here, there is no limitation on plaintiff's movement. Habeas corpus jurisdiction therefore does not lie.

On the other hand, plaintiff may not be without recourse. Liberally construed, plaintiff's pleading is complaint alleging a violation of his civil rights under 42 U.S.C. § 1983. Therefore,

---

[1] Among the cases cited by the Ninth Circuit in Williamson were Lefkowitz v. Fair, 816 F.2d 17, 20 (1st Cir. 1987)(revocation of medical license); Lillios v. New Hampshire, 788 F.2d 60, 61 (1st Cir. 1986)(fine and suspension of driver's license); Harts v. Indiana, 732 F.2d 95, 96-97 (7th Cir. 1984)(suspension of driver's license); Ginsberg v. Abrams, 702 F.2d 48, 49 (2d Cir. 1983)(revocation of license to practice law and disqualification as real estate broker and insurance agent); Westberry v. Keith, 434 F.2d 623, 624-25 (5th Cir. 1970)(fine and revocation of driver's license).

1  plaintiff will be given the opportunity to pay the appropriate filing
2  fee or make an application to proceed in forma pauperis.
3         Accordingly, IT IS HEREBY ORDERED that within twenty (20)
4  days of the date of this order plaintiff shall pay the appropriate
5  filing fee for a civil complaint or submit an affidavit making the
6  showing required by 28 U.S.C. § 1915(a)(1).  The Clerk of the Court
7  is directed to send plaintiff an Application to Proceed Without
8  Prepayment of Fees and Affidavit along with a copy of this order.
9  Plaintiff is forewarned that the failure to timely comply with the
10 terms of this order will result in a recommendation that this action
11 be dismissed.
12 DATED: November 13, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddadl\orders.prose\nab2191.ifp.fee