IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY B. NAB,

    Plaintiff,

    v.

CONTRACTORS STATE LICENSE BOARD, et al.,

    Defendants.

                       /

No. CIV S-06-2191 GEB DAD PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

This matter came before the court on February 16, 2007, for hearing of defendant Contractors State License Board's motion to dismiss plaintiff's original complaint and its subsequent motion to dismiss plaintiff's first amended complaint. The court also considered plaintiff's January 12, 2007 motion for leave to file a second amended complaint and defendant Lawton's January 30, 2007 motion for more definite statement. Plaintiff Randy B. Nab, proceeding pro se, appeared on his own behalf. Kent David Harris appeared for defendants.

BACKGROUND

Plaintiff commenced this action on October 3, 2006, by filing a complaint against the Contractors State License Board. Plaintiff's pleading, presented as a petition for writ of habeas corpus, was construed as a civil rights action seeking relief pursuant to 42 U.S.C. § 1983. On December 18, 2006, prior to the filing of a responsive pleading, plaintiff filed a first amended

1

complaint naming as defendants the Board and John Lawton.  A party may amend his pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  Plaintiff's first amended complaint, filed as a matter of course, superseded his original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Defendant Board's motion to dismiss the original complaint must therefore be denied as moot.

In his first amended complaint, plaintiff alleges that the Board implemented policies and procedures designed to violate the constitutional rights of plaintiff and other Californians.  He alleges further that defendant Lawton, the Board's legal action deputy, knew or should have known that his actions and omissions were taken in violation of the United States Constitution.  Plaintiff asserts that Board employees failed to renew his home improvement sales license despite his payment of fees and submission of application forms, and employees engaged in a plot to have plaintiff arrested and charged with a felony for not possessing the license they negligently or deliberately failed to issue.  Plaintiff alleges extensive facts concerning licenses issued to him and revoked or suspended between 1993 and the fall of 2004.  For the two-year period preceding the filing of this action, plaintiff alleges as follows:  On November 12, 2004, plaintiff applied for reinstatement of his home improvement sales license; in the summer of 2005, he learned that the application was denied because of an alleged error in the Social Security number he entered on the application; on June 16, 2005, he submitted another application and received no response; during the fall of 2005, plaintiff requested copies of documents from the Board and received no response; plaintiff filed state habeas petitions, all of which were denied; in December 2006, a Board employee warned plaintiff's employer that he should stop doing business with plaintiff; on December 12, 2006, plaintiff went on a sales call that turned out to be a setup; he was arrested on felony charges for not possessing a home improvement sales license, his lap top computer and portable printer were confiscated, his car was impounded, he spent twelve and a half hours in jail and had to pay a bondsman more than $800, and he was fired from his job.

1  Plaintiff contends that he has a protected liberty or property interest in the right to
2  hold a specific private employment and to follow a chosen profession free from unreasonable
3  governmental interference.  Plaintiff also claims a protected interest in the contractor's license
4  for which he studied and was tested.  Plaintiff argues that the Board deprived him of licenses,
5  revoked his contractor's license, assessed fines, and required him to pay investigative fees, all
6  without due process, in violation of the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth
7  Amendments.  Plaintiff also argues that he was denied equal protection when others similarly
8  situated were able to reinstate their home improvement sales licenses over the counter or were
9  charged with misdemeanors rather than felonies for similar violations.

10  Plaintiff seeks declaratory relief regarding assessment of fines without due
11  process, revocation of licenses without due process, a Board employee's failure to honor an
12  agreement after plaintiff performed his part of the agreement, the Board's use of fraud to steal
13  application fees, and the Board's use of a sting operation and manufactured charges to place
14  plaintiff in jail on felony charges.  Plaintiff seeks immediate reinstatement of his contractor's
15  license, an order requiring the Board to expunge records derived from constitutionally inadequate
16  procedures, reimbursement for fines and reinstatement fees collected from plaintiff pursuant to
17  constitutionally inadequate procedures, dismissal of the felony charges brought against him in
18  state court for not having a home improvement sales license, and return of his lap top computer,
19  printer, and carrying case.  Plaintiff also seeks actual, compensatory, and punitive damages.

20  DEFENDANT BOARD'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

21  A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the
22  complaint.  North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).
23  Dismissal of the complaint or any claim within it "can be based on the lack of a cognizable legal
24  theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v.
25  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  See also Robertson v. Dean Witter
26  Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

1 In considering a motion to dismiss for failure to state a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). The court must "presume that general allegations embrace those specific facts that are necessary to support the claim." NOW, Inc. v. Scheidler, 510 U.S. 249, 256 (1994) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). The court must resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief. NOW, Inc., 510 U.S. at 256; Hishon, 467 U.S. at 73; Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

The Board seeks dismissal of plaintiff's amended complaint on these grounds:

1. Plaintiff's claims regarding acts that occurred before October 3, 2004, are barred by the statute of limitations.

2. The Board is immune from suit under the 11th Amendment.

3. The case against the Board should be dismissed because the Board is not a person within the meaning of 42 U.S.C. § 1983.

4. The court should abstain from hearing plaintiff's claims relating to pending state criminal proceedings.

Claims brought pursuant to 42 U.S.C. § 1983 are subject to the statute of limitations governing personal injury actions in the state in which the case is brought. Wilson v.

Garcia, 471 U.S. 261, 266, 274-76 (1985); TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). California's statute of limitations for such actions is two years. Cal. Code of Civil Procedure § 335.1. Plaintiff filed this action on October 3, 2006. It appears that any claims arising from acts that occurred more than two years prior to that date, i.e., any claims that accrued prior to October 3, 2004, are barred by the statute of limitations. Defendant Board's motion should be granted with regard to claims that accrued prior to October 3, 2004.

The Eleventh Amendment serves as a jurisdictional bar to suits for damages brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Defendant Board is a state agency and has not waived Eleventh Amendment immunity. Defendant Board's motion should be granted and the claims against the Board should be dismissed with prejudice.[1]

Section 1983 provides that every "person" who, under color of state law, subjects a citizen to the deprivation of rights, privileges, and immunities shall be liable to the party injured. The States and their departments, agencies and other political subdivisions are not persons for purposes of § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66, 70-71 (1989); Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991). Defendant Board should be dismissed because the agency is not a person for purposes of § 1983.

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976). However, under certain exceptional circumstances, abstention is required. See Younger v. Harris, 401 U.S. 37 (1971). "Younger abstention is proper where: (1) there are ongoing state judicial proceedings; (2) that implicate important state interests; and (3) there is an adequate

---

[1] A state official acting in his or her official capacity may be sued for prospective injunctive relief, but not damages, under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State.

opportunity in the state proceedings to raise federal questions." Martinez v. Newport Beach City, 125 F.3d 777, 781 (9th Cir. 1997). In this case, there are ongoing state judicial proceedings in which plaintiff is a party. This court should abstain from deciding claims that can be addressed in the state court proceedings.

Having considered all written materials submitted in connection with defendant Board's motion to dismiss plaintiff's first amended complaint, as well as the parties' statements during oral argument, the undersigned finds that plaintiff's claims against defendant Board should be dismissed with prejudice because the Board is not a person for purposes of § 1983 and the Eleventh Amendment serves as a jurisdictional bar to plaintiff's prayer for damages from a state agency. In addition, the federal court should abstain from deciding claims related to or arising from plaintiff's pending state criminal proceedings.

DEFENDANT LAWTON'S MOTION FOR MORE DEFINITE STATEMENT

Rule 12(e) of the Federal Rules of Civil Procedure is designed to strike at unintelligibility rather than want of detail. See Woods v. Reno Commodities, Inc., 600 F. Supp. 574, 580 (D. Nev. 1984); Nelson v. Quimby Island Reclamation Dist., 491 F. Supp. 1364, 1385 (N.D. Cal. 1980). The rule permits a party to move for a more definite statement "[i]f a pleading is so vague that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The function of such a motion is thus not to require the pleader to disclose details of the case, see Boxall v. Sequoia Union High Sch. Dist., 464 F. Supp. 1104, 1114 (N.D. Cal. 1979), or to provide the evidentiary material that may properly be obtained by discovery, see Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981). A motion for more definite statement should be denied if the pleading provides a "short and plain statement" of the claim showing that the pleader is entitled to relief. See Fed. R. Civ. P. 8(a)(2).

Defendant Lawton is identified in the caption of plaintiff's amended complaint filed on December 18, 2006. On page 2 of the first amended complaint, plaintiff identifies defendant Lawton as the "Legal Action Deputy" of Contractors State License Board and alleges

that through actions and/or omissions Lawton implemented policies and procedures, both written and unwritten, that he knew or should have known were in violation of the Constitution.  On page 7, plaintiff alleges facts concerning correspondence with defendant Lawton that caused plaintiff to retain an attorney to help him resist defendant Lawton's attempt to force plaintiff to pay an amount plaintiff paid years earlier.

Having considered all written materials submitted in connection with defendant Lawton's motion for more definite statement, as well as the parties' statements during oral argument, the undersigned finds that plaintiff's claims against defendant Lawton are so vague that the defendant cannot reasonably be required to frame a responsive pleading.  The allegations against the defendant fail to show that plaintiff is entitled to relief from defendant Lawton. Defendant Lawton's motion for more definite statement will be granted, and plaintiff will be granted leave to file a second amended complaint against defendant Lawton and any other individual defendants whose names he has discovered.

Pursuant to the Civil Rights Act under which this action was filed,

> [e]very person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory

of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him or her and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations will not suffice. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In his second amended complaint, plaintiff must allege facts demonstrating how the acts and omissions complained of resulted in a deprivation of his federal constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The second amended complaint must allege in specific terms how each named defendant was involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between the defendant's actions and the claimed deprivation of rights. See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 15-220 requires that each amended complaint be complete in itself without reference to prior pleadings. Once plaintiff files his second amended complaint, the prior pleading will no longer serve any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Contractors State License Board's January 4, 2007 motion to dismiss is denied as moot;

2. Plaintiff's January 12, 2007 motion to amend is denied as moot;

3. Plaintiff's proposed amended complaint lodged January 11, 2007 is stricken;

/////

4. Defendant Lawton's January 30, 2007 motion for more definite statement is granted;

5. Plaintiff's amended complaint filed December 18, 2006, is dismissed with leave to amend;

6. Plaintiff shall file and serve a second amended complaint within thirty days after being served with this order;

7. The hearing set for March 9, 2007 on defendant Lawton's motion is vacated;

8. The previously scheduled status (pretrial scheduling) conference set for March 16, 2007 before the undersigned is vacated pending further notice;

IT IS RECOMMENDED that:

1. Defendant Contractors State License Board's January 25, 2007 motion to dismiss plaintiff's claims against them be granted; and

2. All claims against defendant Contractors State License Board be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after being served with these findings and recommendations, either party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 20, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\nab2191.f&r

9